UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS WALTER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-3663 |
| | § | |
| PORTS AMERICA, | § | |
| | § | |
| Defendant | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's 12(b)(6) Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 14). After considering Defendant's motion, the response thereto, and the applicable law, the Court finds that Defendant's motion must be denied.

**I.  BACKGROUND**

On May 5, 2009, Plaintiff Curtis Walter ("Plaintiff" or "Walter") filed a Charge of Discrimination with the EEOC, alleging employment discrimination based on Plaintiff's race and disability in violation of Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA). On June 18, 2009, the EEOC mailed Plaintiff a Notice of Right to Sue letter. Plaintiff received the Notice of Right to Sue on June 20, 2009.[1] The Notice of Right to Sue advises, in pertinent part: "Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost."

---

[1] According to Defendant, "[i]t is unclear when Plaintiff *received* the Notice." (Defendant's Motion to Dismiss, Doc. No. 14, at 4). Defendant outlines case law governing the presumption of receipt of a right to sue letter. *Id.* Because Plaintiff admits in his complaint that he received the Notice of Right to Sue on June 20, 2009, the Court need not address the presumption of receipt issue here.

1

### A. Plaintiff's Attempted Filings

On September 18, 2009, ninety days after receiving the Notice of Right to Sue letter, Walter filed his complaint, alleging that Defendant discriminated against him in employment because of his race and his disability. Specifically, Walter claims that, on three separate occasions in 2008 and 2009, Defendant Ports America wrongfully withheld pay it owed Walter for his work on a rice bag gang. (Complaint, Doc. No. 1, at 4–5). The instant motion to dismiss does not address the underlying facts of Walter's claim. Instead, the sole issue at hand turns on Plaintiff's series of defective *in forma pauperis* applications, rendering the minutiae of each application relevant here.

#### 1. Plaintiff's First *In Forma Pauperis* Application

Walter first filed his complaint on September 18, 2009 (Doc. No. 1, Case No. 9-mc-0462). Walter filed the complaint together with an *in forma pauperis* application (hereinafter "IFP application"). On September 21, 2009, Judge Gray H. Miller signed an order striking Plaintiff's IFP application, citing inadequate information with respect to Items 2 and 4 of the application. (Doc. No. 2, Case No. 9-mc-0462).

Item 2 on the IFP application form asks the affiant, "Are you currently employed?" Walter filled in the block indicating "No," but provided additional information under subsection 2a. Item 2a. directs the affiant, "If the answer is 'Yes,' state the amount of your take-home salary or wages and pay period and give the name and address of your employer." Item 2b. provides a slot for additional information if the affiant's answer is "No." Walter listed the name and address of his former employer and his hourly pay rate under Item 2a. (Doc. No. 1, Case No. 9-mc-0462).

Item 4 asks the affiant, "Do you have **any** cash or checking or savings accounts?" Walter checked the box next to "Yes" but did not list any amount in the corresponding line on the form.

Judge Miller's order striking the IFP application made no specific reference to the fate of Walter's complaint. The case number corresponding to Walter's complaint was marked "terminated" in the Case Management/Electronic Case Filing (CM/ECF) system as of September 21, 2009.

### 2. Plaintiff's Second *In Forma Pauperis* Application

Two weeks later, on October 6, 2009, Walter filed a second IFP application, with his complaint attached. (Doc. No. 1, Case No. 9-mc-0489). In his second application, Walter provided the additional detail requested in Judge Miller's prior order.

With respect to Item 2 on his IFP application, Walter moved the information he had previously listed in subsection 2a., concerning his place of work and hourly pay rate, into subsection 2b., the section corresponding to an answer of "No" current employment. Walter also added the date of his last work day to the information he had previously provided. In response to Item 4, Walter had previously answered "Yes" to the question regarding having some amount of money available, but had failed to state the total amount. In his second IFP application, Walter listed "$80.70" in Item 4 as the total amount available to him.

Despite Plaintiff's corrections to Items 2 and 4, Walter's second IFP application was denied on October 13, 2009. New reasons, unrelated to Items 2 and 4, were listed in connection with the second denial. The denial stated that Plaintiff provided "inadequate details as to how much disability payments he receives" [sic] and "how he can afford car payments of $435.00 per month." (Doc. No. 2, Case No. 9-mc-0489).[2]

---

[2] The denial did not reference specific items on the IFP application form, but it appears the "inadequate details" cited correspond to Item 3 (which provides boxes to check if an affiant receives money from a list of various

3

The case number corresponding to Walter's second IFP application was marked "terminated" in CM/ECF as of October 13, 2009. In an unsigned letter dated October 15, 2009, the Clerk of Court notified Plaintiff as follows:

> The Court has denied your application to proceed as a pauper.
> If you want to continue your complaint, you must pay the clerk the filing fee of $350.
> The court will do nothing with your case until the fee has been paid.

(Doc. No. 3, Case No. 9-mc-0489).

### 3. Plaintiff's Third Filing

On November 12, 2009, Walter filed his complaint for the third time (Doc. No. 1, Case No. 9-cv-3663).[3] Apparently giving up on his attempt to proceed *in forma pauperis*, Walter paid the $350 filing fee.

### B. Defendant's Motion to Dismiss

Defendant moved to dismiss this action, or, in the alternative, for summary judgment on June 23, 2011 (Defendant's Motion to Dismiss, Doc. No. 14). This Court granted an order extending all deadlines by sixty days (Doc. No. 16). Plaintiff filed his response on September 19, 2011 (Objection to Defendant Motion to Dismiss, Doc. No. 21). Defendant filed its reply on September 28, 2011 (Reply to Plaintiff's Objection to Defendant's 12(b)(6) Motion, Doc. No. 22).

Defendant's sole argument in support of dismissal is that Plaintiff's claim is time-barred because his complaint was filed after the expiration of the ninety day limitations period set out in the right-to-sue notice. The right-to-sue notice issued by the EEOC gave Walter a ninety day window in which to file his action in federal court. Starting with the day Walter presumptively

---

sources, including "disability or workers compensation payments") and Item 5 (which asks "Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?").

[3] Defendant suggests that Plaintiff filed a third IFP application on November 12, 2009. (Motion to Dismiss, Doc. No. 14, at 5). The docket does not reflect any filing of a third IFP application.

received the notice, Defendant calculates that Walter had until September 23, 2009 to file his complaint.[4] Defendant argues that Walter's two defective IFP applications did not toll the statute of limitations, thereby rendering his successful November 12 filing untimely.

In his response, Walter argues that the rulings with respect to his first two filings addressed his IFP applications only and not the merits of his complaint. (Objection to Defendant Motion to Dismiss, Doc. No. 21, at 2). Walter also claims that he timely cured all deficiencies in his IFP applications by providing the information the clerk requested. *Id.* In its reply, Defendant explains that it does not contest the sufficiency of Plaintiff's initial complaint filed September 18, 2009, but rather argues that the pleading "was struck and thus not made a part of the record" when the IFP application was rejected. (Reply to Plaintiff's Objection to Defendant's 12(b)(6) Motion, Doc. No. 22, at 2).

Neither party disputes that Walter's first *attempt* to file his complaint fell within the ninety day filing period. However, because Walter's IFP applications were rejected, the parties disagree on the timeliness of Walter's third and successful filing on November 12, 2009. This Court is left to decide whether Walter timely filed his civil action when he initially filed his complaint within the ninety day limitations period but, on two separate occasions, was denied leave to proceed *in forma pauperis*.

## II.   MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### A.  Legal Standard

#### 1.  Motion to Dismiss

---

[4] Defendant calculates the September 23 date by setting the presumed date of receipt of the right-to-sue notice as June 25, 2009. In his complaint, Walter admits that he received the right-to-sue letter on June 20, 2009. The Court, therefore, calculates September 18, 2009, the ninetieth day following receipt of the letter, as the final day of the ninety day period.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Where relief is barred by an affirmative defense, such as the statute of limitations, a complaint may be dismissed for failure to state a cause of action. *Kaiser Aluminum & Chemical Sales, Inc.*

*v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also United Transp. Union v. Florida East Coast Ry. Co.*, 586 F.2d 520, 527 (5th Cir. 1978). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010).

### 2.  Motion for Summary Judgment

Under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court considers matters outside the pleadings in deciding the motion. Fed. R. Civ. P. 12(b)(6). Before a Rule 12(b)(6) motion may be converted to a Rule 56 motion, a court must be satisfied that the nonmoving party "has . . . had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986).

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett,* 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.,* 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.*; *see also Harvill v. Westward Communications, L.L.C.,* 433

F.3d 428, 436 (5th Cir. 2005) (court may not make credibility determinations or weigh the evidence at the summary judgment stage).

### B. Analysis

#### 1. Walter's Complaint Was Filed Outside The Ninety Day Limitations Period

Title VII requires a plaintiff to commence a civil action within ninety days after the plaintiff has received a right-to-sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (2009). A district court may dismiss an action under Rule 12(b)(6) for failure to comply with Section 2005e-5(f)(1)'s ninety day filing requirement. *Harris v. Boyd Tunica,* 628 F.3d 237, 239 (5th Cir. 2010). In calculating the ninety day period, the day of receipt is omitted and the day of filing is counted. Fed. R. Civ. P. 6(a)(1)-(3). The statutory ninety day filing requirement "is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Boyd Tunica*, 628 F.3d at 239; *see also Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985). Because the filing requirement is not jurisdictional, it is subject to equitable tolling. *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 440 (5th Cir. 1986); *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc).

For statute of limitations purposes, a complaint in an action in which leave to proceed *in forma pauperis* is requested is generally deemed to have been filed on the day the motion is received by the clerk, or on the date the complaint is lodged. *See McClelland v. Herlitz, Inc.*, 704 F. Supp. 749, 751 (N.D. Tex. 1989) (noting that "the operative date for limitations purposes is the date the clerk of court initially receives the complaint and the request for leave to proceed IFP"); *see also Smith v. Ouzts*, 629 F. Supp. 1001, 1001 (S.D. Miss. 1986) ("[S]ince the Plaintiff had no control over when the Magistrate would allow his Complaint to be filed, the operable date for the purposes of the statute of limitation is the date of receipt by the Clerk of the Court.").

The statute of limitations is suspended while a court determines whether to grant or deny a petition to proceed *in forma pauperis*, but resumes running when the plaintiff receives notification of the decision. *See, e.g., Weinreb v. Oppenheimer & Co., Inc.*, No. 86 Civ. 6839, 1986 WL 15258, at *1 (S.D.N.Y. Dec. 24, 1986) (finding that the employee's filing of a complaint accompanied by an IFP application acted to toll the ninety day limitations period, with the limitations period beginning to run again when a decision was reached on the application); *see also Brown v. J.I. Case Co.*, 756 F.2d 48, 50–51 (7th Cir. 1985) (tolling the limitations period where a private defendant filed an application for appointment of counsel along with a right-to-sue letter); *Harris v. Walgreen's Distribution Center*, 456 F.2d 588, 591–92 (6th Cir. 1972) (tolling the statute of limitations because "the filing, processing and decision of the motion for counsel could consume the entire 30-day period").

While Walter's initial filing of his complaint was within the ninety day period, his claim was twice terminated after the court deemed his IFP applications inadequate. (Case Nos. 9-mc-0462, 9-mc-0489). The statute of limitations was first tolled from September 18, 2009 until September 21, 2009, when the court issued an order striking the IFP application for inadequate information. On September 21, 2009, the statute of limitations recommenced and ran for fifteen days, until October 6, 2009, when Walter filed a second IFP application. The limitations period was again tolled until October 13, 2009, when the court denied Walter's second IFP application. The limitations period then ran for another thirty days, from October 13, 2009 until November 12, 2009, when Walter filed his third and final complaint. Walter initially filed on September 18, the ninetieth day of the limitations period; an additional forty-five days elapsed between Walter's subsequent IFP applications. Because the statute of limitations resumed running upon each

denial of his IFP application, Walter's third and final filing—on November 12, 2009—fell outside the ninety day limitations period.

Although his complaint was filed after the ninety day period elapsed, the limitations period is, under rare circumstances, subject to equitable tolling. Although not expressly argued by Plaintiff in his response, Walter has outlined sufficient facts that cause this Court to find that principles of equitable tolling save Walter's claim from dismissal.

### 2. Equitable Tolling Preserves Walter's Claim

Equitable tolling is "premised on the 'excusable neglect' of the filing party, and preserves a claim after the filing period has expired." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 979 (8th Cir. 1998). Equitable tolling may be appropriate for a number of reasons. *See, e.g., Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citing *Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588 (6th Cir. 1972)) (stating that when "a motion for appointment of counsel is pending equity would justify tolling the statutory period until the motion is acted upon."). The Fifth Circuit has hypothesized that equitable tolling might be justified in the following circumstances:

> (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period;
> (2) where a motion for appointment of counsel is pending;
> (3) where the court itself has led the plaintiff to believe that she has satisfied all statutory prerequisites to suit; and
> (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction.

*Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985). Additional scenarios, such as administrative delay in docketing a timely filing, may toll the statute. *See, e.g., Guillen v. National Grange*, 955 F. Supp. 144, 144–45 (D.D.C. 1997) ("Litigants are not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma*

*pauperis*."). Similarly, litigants proceeding *in forma pauperis* are not held responsible for clerical errors that delay filing. *See, e.g., Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) ("Clerical delay in the formal filing of this *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court.").

Although a variety of circumstances may justify equitable tolling, the Fifth Circuit has highlighted the uncustomary nature of the remedy, emphasizing that "equitable tolling applies only in 'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such "rare and exceptional circumstances" include instances where, for example "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Exceptional circumstances exclude delay caused by "normal situations of attorney negligence or inadvertence." *Boyd Tunica*, 628 F.3d at 238; *see also Irwin*, 498 U.S. at 97 (noting that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

The application of equitable tolling is a "fact-specific, discretionary matter." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Although reluctant to apply equitable tolling to situations of attorney error, the Fifth Circuit has been "more forgiving . . . when a claimant . . . has exercised due diligence in pursuing her rights." *Id.* In examining such cases, it is relevant whether "the plaintiff took some step recognized as important by the statute before the end of the limitations period." *Perez v. United States*, 167 F.3d 813, 918 (5th Cir. 1999).

In *Holland v. Florida*, a state prisoner, Holland, sought equitable tolling of the AEDPA's one-year statute of limitations on petitions for federal habeas relief. *Holland v. Florida*, 130 S.Ct. 2549, 2554 (2010). Holland's court-appointed attorney failed to file a timely federal petition, despite Holland's numerous letters to his attorney emphasizing the importance of the filing. *Id.* at 2555. Upon learning that the statute of limitations had expired, Holland prepared and filed his habeas petition *pro se*. *Id.* at 2557. In finding that equitable tolling was appropriate, the Supreme Court explained that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'" *Holland v. Florida*, 130 S.Ct. 2549, 2565 (2010) (internal citations omitted)

Like the plaintiff in *Holland*, Walter has exercised "reasonable diligence" here. Walter initially filed his complaint within the limitations period. Defendant has never claimed that Walter's complaint was deficient; it was only Walter's IFP application that caused his case to be terminated. After his first IFP application was rejected for inadequate information, Walter filed a corrected IFP application within two weeks. Walter's second IFP application corrected all of the responses that were originally highlighted as inadequate. After his second IFP application was rejected too, for different reasons, Walter filed a third time—and came up with the filing fee—within a month's time.

In *LeClair*, the statutory period of ninety days was equitably tolled where the claimant submitted a timely complaint, together with an IFP application, and the court returned the complaint, asking for additional information in support of the IFP application. *LeClair v. Wells Fargo Bank Iowa, N.A.*, 291 F. Supp. 2d 873 (S.D. Iowa 2003). The clerk's office provided the claimant with a fifteen day deadline to submit the additional information, and the claimant submitted the information within that deadline but outside the ninety day period. *Id.* at 878. In

applying the doctrine of equitable tolling, the court found it significant that "the present plaintiff submitted to the Court her actual complaint within the applicable limitations" and the complaint itself was not facially defective and therefore satisfied the requirements of Federal Rules of Civil Procedure 3 and 8. *Id.* at 878.

Walter, too, first filed his complaint within the applicable limitations period. But unlike in *LeClair*, Walter was not given a specific timeframe in which to file a corrected IFP application. Nonetheless, he "did not sleep on his rights," but rather filed a corrected IFP application within two weeks of being notified of the defects. *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 435 (1965). Walter was given no specific deadline to re-file, and Walter's two-week delay in filing a second IFP application followed by a three-week delay in gathering the filing fee was not unreasonable here. *See, e.g., Quiles v. O'Hare Hilton*, 572 F. Supp. 866, 867 (N.D. Ill. 1983) (tolling the limitations period where a Title VII plaintiff filed an IFP application on the eighty-ninth day of the ninety-day limitations period and filed a complaint five days later after leave to proceed was granted); *Ortiz v. Clarence H. Hackett, Inc.*, 581 F. Supp. 1258, 1261 (N.D. Ind. 1984) (deeming plaintiff's Title VII complaint timely as only 119 days elapsed between the date plaintiff received his right-to-sue notice and the date he filed his successful motion for reconsideration of the initial IFP denial).

As Defendant correctly points out, simply tolling the ninety day limitations period would not render Walter's complaint timely, as it was not successfully filed until November 12, 2009, forty-five days beyond even the tolled limitations period. However, "[b]asic fairness . . . counsels that the time limit should be tolled for a *reasonable time period* to account for notice of the court's ruling on the *in forma pauperis* application." *Nkengfack v. American Ass'n of Retired Persons*, No. 11-00530, 2011 WL 4894227, at *6 (D.D.C. Oct. 14, 2011) (emphasis added); *see*

13

*also Harris v. Walgreen's Distribution Ctr.*, 456 F.2d 588, 591 (6th Cir. 1972) (noting that "courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act" and finding that, upon granting or denying a motion for appointment of counsel, the district judge "should set a reasonable time" within which the complaint must be filed).

A plaintiff's good faith decision to file his complaint in connection with an IFP application may merit tolling of the limitations period beyond the ninety days set out in the statute. For example, in *Richardson v. Diagnostic Rehab. Ctr.*, a court found that the employee in question had acted with diligence in preparing his complaint and submitting it simultaneously with his IFP motion. *Richardson v. Diagnostic Rehab. Ctr*, 836 F. Supp. 252, 255 (E.D. Pa. 1993). Because the employee did not file the IFP application in bad faith, equitable tolling was appropriate, even though the IFP application was ultimately denied. *Id.* The limitations period was further tolled—for almost four months—until the deadline for payment assigned by the court. *Id.*; *see also Yu Fat Ko v. Sheldon Elec. Co.*, No. 87 CV 713, 1988 WL 70631 (E.D.N.Y. June 3, 1988) (finding that equity required tolling the statute of limitations beyond ninety days where employee was present in the courthouse on the ninetieth day and could have timely filed his complaint but had elected to file an IFP application, which was denied the following day, after which employee filed his complaint).

Finally, there is no evidence—and Defendants have alleged none—that Walter acted in bad faith in filing his IFP applications. A "poor person who is not quite poor enough to proceed in forma pauperis may not be able to raise the filing fee immediately after an [IFP] application . . . is denied." *Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1553 (11th Cir. 1986). The fact that Walter's IFP applications were rejected here does not indicate that he was seeking IFP

status in bad faith. Nor is there evidence suggesting that Walter would not have qualified to proceed *in forma pauperis*. On both occasions, the IFP applications were denied solely for inadequate information; this Court cannot presuppose what the ultimate ruling on Walter's IFP application would have been.

We are left with a *pro se* plaintiff who made three filing attempts over the course of two months. Walter initially filed his complaint within the statutory period, and his complaint was not defective. Walter filed two separate, revised IFP applications. At each revision, Walter provided the additional information the clerk's office requested. Especially troubling is the fact that the clerk's office seemingly failed to notify Walter of all errors on his IFP application on his first attempted filing, instead informing Plaintiff of different deficiencies on two separate occasions.[5] Walter submitted a corrected IFP application within two weeks of receiving the first notification of the deficiencies, and there is no reason to suspect that he would not have corrected *all* inadequacies at once, had he been informed of them. On his third try, after apparently giving up on proceeding *in forma pauperis*, Walter paid the filing fee and successfully filed his complaint.

The circumstances here favor permitting Plaintiff's claim to proceed. Walter has shown commendable diligence in pursuing his rights as a *pro se* plaintiff. He has taken steps "recognized as important by the statute" and "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Perez*, 167 F.3d at 918; *Teemac*, 298 F.3d at 457. Given the combination of Walter's repeated and persistent attempts to comply with the filing requirements, the piecemeal fashion in which deficiencies in his IFP applications were made known to Walter, the apparent lack of any deadline to guide Walter in re-filing, and the

---

[5] Upon rejection of his first IFP application, Walter was informed that he had supplied inadequate information in Items 2 and 4. When Walter filed a second IFP application with corrected information in Items 2 and 4, it was rejected for information missing in Items 3 and 5.

absence of demonstrated prejudice to Defendant, this case presents sufficiently rare circumstances to justify equitable tolling of the ninety day limitations period. *See Granger*, 636 F.3d at 712–13 (approving of the district court's consideration of whether the defendant "demonstrated prejudice and whether the balance of equities tipped in favor of seeing [the] claim survive"). Walter's complaint, although filed after the expiration of Title VII's ninety day statutory filing period, is deemed timely pursuant to principles of equitable tolling.

Given that equitable tolling extends to save Walter's claim from dismissal and that Defendant points to no additional facts in support of its summary judgment motion, this Court holds that Defendant's 12(b)(6) Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 14) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE